MATHEW KELLER, Respondent, v. CARRIE S. LEWIS et al., Appellants.*

No. 5191; November 2, 1876.

**Cancellation of Instruments.**—The Doctrine of Courts of **Equity** with respect to setting aside deeds, securities and agreements is referable to the jurisdiction they exercise in favor of a party quia timet.

**Cancellation of Instrument Illegal on Its Face.**—A court of equity will not direct to be delivered up or canceled an instrument illegal on its face, since there can be no danger that lapse of time will deprive of defense a party applying for the cancellation.

**Cancellation of Instrument.**—If an Agreement Having Reference to Land is valid on its face and might be made the foundation of and important evidence in an action, it operates as a cloud on the title, and the owner of the land has a right to have it set aside either as such cloud or as a probable subject of future litigation.

**Cancellation of Instrument.**—If an Instrument Ought not to be Used or enforced, it is against conscience for the party holding it to retain it, since his retaining it can be only for some sinister purpose.

**Cancellation of Instrument.**—One Who Holds an Instrument That Menaces the Title of another's land, and whose continuing so

―――――

*For subsequent opinion, see Keller v. Lewis, 53 Cal. 113.

to hold can serve no just purpose of his own, cannot justify the retention of it by disallowing any intent to rely upon it and by claiming it was obtained by the other's fraud.

**Cancellation of Abandoned Contract to Convey Land.**—If one holding a contract looking to the sale of land to him, which contract he has failed to live up to and has voluntarily abandoned, puts the land owner to the necessity of suing for a cancellation, the court has jurisdiction to bar him, by the terms of its decree, from asserting any claim to money paid by him on the contract.

APPEAL from Seventeenth Judicial District, Los Angeles County.

Bronson & Eastman for respondent; Glassell, Chapman & Smith for appellants.

By the COURT.—Is the plaintiff entitled to a decree setting aside the agreement for the sale of the rancho "Tobango Malibu" made with defendant Carrie S. Lewis?

The complaint alleges failure to perform on the part of defendants and that they have abandoned the agreement. The answer admits the failure and contains no offer to perform, but alleges that the agreement is void, because defendant Carrie S. Lewis was induced to enter into by reason of false and fraudulent representations of plaintiff. The district court found no fraud, and we think the finding is sustained by the evidence.

The doctrine of courts of equity with respect to setting aside deeds, securities and agreements is referable to the jurisdiction they exercise in favor of a party, quia timet. When, therefore, the illegality of an instrument appears on the face of it, a court of equity will not interfere to direct it to be delivered up or canceled; in such case there can be no danger that lapse of time will deprive a party applying for its cancellation of his full means of defense.

It has been said where the instrument sought to be set aside is a deed purporting to convey the legal title, it will be canceled, as a cloud on the title of complainant, if, in case an action of ejectment should be brought on the deed, the burden of proving its invalidity would be cast upon the party applying for its cancellation. But this, in respect to deeds, is but

the same thing as saying that if the deed is regular on its face and prima facie sufficient to convey the title, the equitable jurisdiction will be maintained. The important question is: Is the instrument valid on its face, and has the party seeking to annul it reasonable ground of fear that, with or without other evidence, it may be made the foundation of unjust and vexatious litigation against him?

By the terms of the agreement before us time is not of the essence of the contract. It is possible if the party named as purchaser should file a bill for specific performance, her prima facie case would not be made out, in the view of the court, without some evidence excusing her delay. But the agreement on its face is valid, and might be made the foundation of an action, and would certainly constitute the most material and important portion of the evidence therein. While the agreement remains outstanding, it operates as a cloud which must seriously embarrass the disposition of plaintiff's estate; but whether regarded as a cloud on his title or as a probable subject of future litigation, plaintiff has a right to have it set aside.

"If an instrument ought not to be used or enforced, it is against conscience for the party holding it to retain it, since he can only retain it for some sinister purpose. If it is a negotiable instrument, it may be used for a fraudulent or improper purpose, to the injury of a third person. If it is a deed purporting to convey lands or other hereditaments, its existence in an uncanceled state necessarily has a tendency to throw a cloud over the title. If it is a mere written agreement, solemn or otherwise, still while it exists, it is always liable to be applied to improper purposes, and it may be vexatiously litigated at a distance of time when the proper evidence to repel the claim may have been lost or obscured, or when the other party may be disabled from contesting its validity with as much ability and force as he can contest it at the present moment": 2 Story's Equity, 699.

The fact that defendants in their answer disavow an intent to rely on the agreement, but charge it to have been obtained by fraud, does not deprive plaintiff of his right to a decree. The contract was retained by defendants up to the commencement of the suit, and plaintiff may well have feared its future

use, and had a right to demand that it be delivered up or canceled.

Nor is the decree erroneous in so far as it adjudges that defendants be barred from asserting any claim to the money paid upon the contract. By their answer in this case the defendants put in issue their alleged right to the money by averring the fraud and consequent invalidity of the contract. Upon that issue the court below found against them, and so finding, and having acquired jurisdiction of the general subject matter, properly proceeded to determine the rights of the parties in respect to the money.

Judgment and order affirmed.